| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br>------------------------------------------------------------x<br>DAMIEN SHKRELI,<br><br>                                         Plaintiffs,<br><br>                   - against -<br><br>THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT ("NYPD"), SERGEANT CHARLES CAVALLARO, POLICE OFFICER MATTHEW GUERRIDO, POLICE OFFICER PATRICK JEAN, POLICE OFFICER JOEL AYALA, individually and in their official capacities, POLICE OFFICERS "JOHN DOE" # 1-5, individually and in their official capacities (the name John Doe being fictitious, as their true names are presently unknown), POLICE OFFICERS "JANE DOE" # 1-5, individually and in their official capacities (the name Jane Doe being fictitious, as their true names are presently unknown),<br><br>                                   Defendants.<br>------------------------------------------------------------x | : : : : : : : : : : : : : : : : : : : : : : : : : | **AMENDED COMPLAINT**<br><br>**Civil Action No.:**<br>**23-CV-09285-DEH** |

Plaintiff, DAMIEN SHKRELI, by his attorneys, EZRA B. GLASER & ASSOCIATES, complaining of the defendants herein upon information and belief, respectfully shows to this Court, and alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. § 1988 for violations of his civil rights and attorney's fees, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also brings this action for violation of his civil and constitutional rights, together with other pendent state claims, under New York State law.

## **NATURE OF THE ACTION**

2.    This is an action to recover damages for violation of Violation of Civil Rights, Malicious

Prosecution, Malicious Process, and Municipal Liability Pursuant to 42 U.S.C. § 1983 and

for attorneys' fees pursuant to 42 U.S.C. § 1988.

3.    In connection with Plaintiff DAMIEN SHKRELI'S unlawful arrest, excessive force used

by Defendant Officers, Defendant officers intentionally filled out false and misleading

reports, and forwarded these false reports to prosecutors in the Bronx County District

Attorney's office.

## **VENUE AND JURISDICTION**

4.    This court has jurisdiction over this action pursuant to 28 U.S.C. Section. §1331 and § 1343

and 28 U.S.C. Section 1367, 42 U.S.C. § 1983 and 42 U.S.C. §1988.

5.    Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. Section 1391,

because all events giving rise to the claim have occurred within the Southern District of

New York and Plaintiff resides in the Southern District of New York.

6.    Jurisdiction in this matter is proper as Plaintiff DAMIEN SHKRELI is a resident of the

Southern District Of New York.

7.    Jurisdiction in this matter is proper as Defendants, THE CITY OF NEW YORK, THE NEW

YORK CITY POLICE DEPARTMENT ("NYPD"), SERGEANT CHARLES

CAVALLARO, POLICE OFFICER MATTHEW GUERRIDO, POLICE OFFICER

PATRICK JEAN, POLICE OFFICER JOEL AYALA, individually and in their official

capacities, POLICE OFFICERS "JOHN DOE" # 1-5, individually and in their official

capacities (the name John Doe being fictitious, as their true names are presently unknown),

POLICE OFFICERS "JANE DOE" # 1-5, individually and in their official capacities (the

2

name Jane Doe being fictitious, as their true names are presently unknown), are residents of the State of New York and/or municipal corporations incorporated in the State of New York and carry out their public functions and duties within the State of New York.

8. Venue in this matter is proper in this District because the Defendants conduct business within this District, and the acts and/or omissions claimed herein alleged took place within this District.

## **THE PARTIES**

9. On or about July 29, 2023, and at all times hereinafter mentioned, the Plaintiff, DAMIEN SHKRELI, is and was a resident of the County of Dutchess, State of New York.

10. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

12. On or about July 29, 2023, and at all times hereinafter mentioned, the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT ("NYPD"), SERGEANT CHARLES CAVALLARO, POLICE OFFICER MATTHEW GUERRIDO, POLICE OFFICER PATRICK JEAN, POLICE OFFICER JOEL AYALA, individually and in their official capacities, POLICE OFFICERS "JOHN DOE" # 1-5, individually and in their official capacities (the name John Doe being fictitious, as their true names are presently unknown), POLICE OFFICERS "JANE DOE" # 1-5, individually and in their official

capacities (the name Jane Doe being fictitious, as their true names are presently unknown),
were Police Officers and/or employees of the NYPD 52nd Precinct, a subdivision of the
Defendant, THE NEW YORK CITY POLICE DEPARTMENT, under the auspices and/or
authority of THE CITY OF NEW YORK, and, as such, were acting with the scope of their
duties at the time of the acts complained herein.

13.    SERGEANT CHARLES CAVALLARO has an extensive disciplinary history with the
NYPD which includes:

> A.    54 Civilian Complaint Review Board Complaints (CCRB).
>
> B.    14 Substantiated CCRB Complaints.
>
> C.    Substantiated CCRB: Abuse of Authority: Entry of Premises.
>
> D.    Substantiated CCRB: Abuse of Authority: Frisk (2).
>
> E.    Substantiated CCRB: Abuse of Authority: Question (2).
>
> F.    Substantiated CCRB: Abuse of Authority: Search of Premises.
>
> G.    Substantiated CCRB: Abuse of Authority: Threat of arrest.
>
> H.    Substantiated CCRB: Abuse of Authority: Vehicle search (4).
>
> I.    Substantiated CCRB Abuse of Authority: Vehicle stop (3).
>
> J.    Forfeiture of 25 vacation days as a result of CCRB complaints.
>
> K.    NYPD Departmental Disciplinary Proceeding - Pleaded Guilty: Filed
> inaccurate and incorrect departmental paper-work.
>
> L.    NYPD Departmental Disciplinary Proceeding - Pleaded Guilty: Made
> incomplete and inaccurate entries in memobook.
>
> M.    Forfeiture of 10 vacation days as a result of NYPD Departmental
> Disciplinary Proceeding.

14.   Furthermore, SERGEANT CHARLES CAVALLARO was named in two lawsuits that alleged police misconduct: Polanco, Nathan vs City of New York, et al. and Copes, Laquan vs City of New York, et al.; the latter case resulted in a $30,000 settlement paid to the Plaintiff.  Additionally, SERGEANT CHARLES CAVALLARO appears on the 'Adverse Credibility' list of officers with potential credibility problems which is maintained by the New York City District Attorney offices for officers with potential credibility problems and adverse credibility rulings by judges as reported by DAs and two US Attorneys to the NYPD.

15.   At all times hereinafter mentioned, the aforementioned defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

16.   Each and all of the acts of the aforementioned defendants alleged herein were performed by said Defendants while acting within the scope of their employment by the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

17.   On the night extending into the early morning of July 28 to 29, 2023, Plaintiff, DAMIEN SHKRELI, was engaging in lawful and peaceful activities. At approximately 1:37 A.M. on July 29, 2023, the Plaintiff, DAMIEN SHKRELI, was a passenger in a motor vehicle, herein referred to as "the vehicle," which was stationary in front of 2710 Morris Avenue, Bronx, New York. The vehicle was brought to a standstill due to an unforeseen and sudden street closure orchestrated by members of the Defendant, THE NEW YORK CITY POLICE DEPARTMENT (NYPD). This closure was a result of an ongoing altercation and subsequent arrest operations being conducted by NYPD officers on individuals in the

immediate vicinity.

18.    Amidst the veritable brawl occurring on Morris Avenue on or about July 28 to July 29, 2023, NYPD SERGEANT CHARLES CAVALLARO approached the vehicle that the Plaintiff, DAMIEN SHKRELI, was seated in. Defendant, SERGEANT CHARLES CAVALLARO (hereinafter alternatively referred to as "Sergeant Cavallaro") initiated communication by inquiring about the locked status of the vehicle's doors. The Plaintiff, DAMIEN SHKRELI, exercising his 4th amendment constitutional protection against an unreasonable search and seizure, thereupon informed the officer that the doors were indeed locked and explicitly stated that the officer did not have permission to search the vehicle. This statement would later be confirmed in a document provided to the Plaintiff's counsel after his arrest.

19.    That on or about July 28, 2023, despite the Plaintiff, DAMIEN SHKRELI'S, clear statement denying consent to a search and without providing any lawful basis, warrant, or articulating any suspicions, Defendant Sergeant Cavallaro egregiously violated the Plaintiff's constitutional rights by forcibly intruding through the front passenger seat window. In a violent manner, the officer proceeded to physically assault the Plaintiff, DAMIEN SHKRELI, by grabbing his head in a tight grip, exhibiting a blatant disregard for the Plaintiff, DAMIEN SHKRELI'S, well-being.

20.    Escalating the already hostile and unlawful encounter, Defendant Sergeant Cavallaro, without any provocation, justification, or verified threat, yelled out "gun," allegedly claiming to have observed a firearm. This exclamation led to a further display of excessive force as the Plaintiff, DAMIEN SHKRELI, was violently extracted from the vehicle, manhandled with excessive force, beaten ruthlessly, and subjected to electrical shock via a

taser used by one or more than one individual NYPD officers, including but not limited to Police Officer JOEL AYALA, with the active or passive involvement of Defendant SARGEANT CHARLES CAVALLARO.

21.    Throughout this harrowing encounter, neither The Plaintiff, DAMIEN SHKRELI, nor the driver of the vehicle were informed of any rationale for the detention, the purported allegations against them, or provided with an opportunity to comply with any lawful orders, as none were articulated by the officer or any other NYPD personnel present.

22.    The Plaintiff, DAMIEN SHKRELI, at no point resisted arrest, nor was he informed that he was being detained or arrested prior to or during the unlawful and violent assault that transpired. The actions of the officer and other NYPD personnel were unprovoked, unwarranted, and conducted with a reckless disregard for standard procedure and the Plaintiff, DAMIEN SHKRELI'S, constitutional rights.

23.    As a direct and proximate result of the Defendants' unlawful and malicious actions, the Plaintiff, DAMIEN SHKRELI, suffered severe and lasting physical, psychological, and emotional injuries. These injuries include, but are not limited to, bruises, lacerations, injuries from electric shock, severe anxiety, humiliation, trauma, and other consequential damages that have had a substantial and adverse impact on the Plaintiff, DAMIEN SHKRELI'S, life.

24.    Following the wrongful arrest, the Plaintiff, DAMIEN SHKRELI, was unlawfully detained for an agonizing period of almost twenty-four hours before being released. During this detention, the Plaintiff, DAMIEN SHKRELI, was denied the fundamental right to medical attention for his injuries, exacerbating his suffering and potentially leading to long-term physical and psychological complications.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Violation of the Civil Rights Act Pursuant to 42 U.S.C. § 1983)

25.     At all times hereinafter mentioned, the Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above numbered "1" through "24" with the same force and effect as if fully set forth herein.

26.     On July 29, 2023, and at all times hereinafter mentioned, the Plaintiff, DAMIEN SHKRELI, is and was a resident of Hopewell Junction, Dutchess County, State of New York.

27.     On July 29, 2023, and at all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

28.     On July 29, 2023, and at all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK, maintained, controlled, and managed the Defendant, THE NEW YORK CITY POLICE DEPARTMENT, a duly-authorized public authority, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

29.     On July 29, 2023, and at all times hereinafter mentioned, the Defendants, SERGEANT CHARLES CAVALLARO, POLICE OFFICER MATTHEW GUERRIDO, POLICE OFFICER PATRICK JEAN, POLICE OFFICER JOEL AYALA, individually and in their official capacities, POLICE OFFICERS "JOHN DOE" # 1-5, individually and in their official capacities (the name John Doe being fictitious, as their true names are presently unknown), POLICE OFFICERS "JANE DOE" # 1-5, individually and in their official capacities (the name Jane Doe being fictitious, as their true names are presently unknown),

8

were employees of the 52nd Precinct of the New York City Police Department (hereinafter, "NYPD 52nd Precinct") and were acting under the auspices and/or authority of the Defendants, THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, at the time of the events at issue in this lawsuit.

30.    On July 29, 2023, and at all times hereinafter mentioned, the Defendants, SERGEANT CHARLES CAVALLARO, POLICE OFFICER MATTHEW GUERRIDO, POLICE OFFICER PATRICK JEAN, POLICE OFFICER JOEL AYALA, individually and in their official capacities, POLICE OFFICERS "JOHN DOE" # 1-5, individually and in their official capacities (the name John Doe being fictitious, as their true names are presently unknown), and POLICE OFFICERS "JANE DOE" # 1-5, individually and in their official capacities (the name Jane Doe being fictitious, as their true names are presently unknown), were the employees of the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and thus were acting under the auspices and/or authority of said Defendants at the time of the events at issue in this lawsuit.

31.    That on or about July 29, 2023, and at all times hereinafter mentioned, the Defendant, THE NEW YORK CITY POLICE DEPARTMENT, and its employees within the NYPD 52nd Precinct, including Defendants SERGEANT CHARLES CAVALLARO, POLICE OFFICER MATTHEW GUERRIDO, POLICE OFFICER PATRICK JEAN, POLICE OFFICER JOEL AYALA, individually and in their official capacities, POLICE OFFICERS "JOHN DOE" # 1-5, individually and in their official capacities (the name John Doe being fictitious, as their true names are presently unknown), and POLICE OFFICERS "JANE DOE" # 1-5, individually and in their official capacities (the name Jane Doe being fictitious, as their true names are presently unknown), were acting under color

of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State or City of New York.

32.     That on or about July 29, 2023, and at all times hereinafter mentioned, the Plaintiff, DAMIEN SHKRELI, became an inmate and was detained by THE NEW YORK CITY POLICE DEPARTMENT, at the location of the NYPD 52nd Precinct in the County of Bronx, State of New York on the date herein alleged.

33.     That on or about July 29, 2023, the Plaintiff, DAMIEN SHKRELI, was arrested on various firearm charges that were charged as both misdemeanors and felonies that would ultimately be dismissed by the Bronx District Attorney's office on October 10, 2023.

34.     Based on the aforementioned false allegations, on or about July 29, 2023, the Plaintiff, DAMIEN SHKRELI, was placed into a holding cell for a period of twenty-four hours. The Plaintiff was further unlawfully denied food, medical attention, and/or access to counsel.

35.     That prior to the date hereto, on September 9, 2023 and within the time prescribed by law, a sworn Notice of Intention to Make Claim was served upon the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment or  payment thereof, and that thereafter THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT refused or neglected for more than (30) days and up to the  commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

36.     That the forgoing false arrest was committed due to the recklessness, carelessness, and negligent conduct of the Defendants, THE CITY OF NEW YORK, THE NEW YORK

CITY POLICE DEPARTMENT ("NYPD"), SERGEANT CHARLES CAVALLARO, POLICE OFFICER MATTHEW GUERRIDO, POLICE OFFICER PATRICK JEAN, POLICE OFFICER JOEL AYALA, individually and in their official capacities, POLICE OFFICERS "JOHN DOE" # 1-5, individually and in their official capacities (the name John Doe being fictitious, as their true names are presently unknown), and POLICE OFFICERS "JANE DOE" # 1-5, individually and in their official capacities (the name Jane Doe being fictitious, as their true names are presently unknown), leading to or causing the events at issue in this lawsuit, who allowed, set up, created, and reinforced the false allegations, the false arrest, the violation of the Plaintiff's civil and constitutional rights and the injuries sustained by the Plaintiff,

DAMIEN SHKRELI.

37.    That the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT ("NYPD"), SERGEANT CHARLES CAVALLARO, POLICE OFFICER MATTHEW GUERRIDO, POLICE OFFICER PATRICK JEAN, POLICE OFFICER JOEL AYALA, individually and in their official capacities, POLICE OFFICERS "JOHN DOE" # 1-5, individually and in their official capacities (the name John Doe being fictitious, as their true names are presently unknown), POLICE OFFICERS "JANE DOE" # 1-5, individually and in their official capacities (the name Jane Doe being fictitious, as their true names are presently unknown), acted with intent to do harm to the Plaintiff, DAMIEN SHKRELI, without excuse or justification.

38.    That the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT ("NYPD"), SERGEANT CHARLES CAVALLARO, POLICE OFFICER MATTHEW GUERRIDO, POLICE OFFICER PATRICK JEAN, POLICE

11

OFFICER JOEL AYALA, individually and in their official capacities, POLICE OFFICERS "JOHN DOE" # 1-5, individually and in their official capacities (the name John Doe being fictitious, as their true names are presently unknown), and POLICE OFFICERS "JANE DOE" # 1-5, individually and in their official capacities (the name Jane Doe being fictitious, as their true names are presently unknown), did not possess factual information to infer that there was reasonable suspicion or probable cause that Plaintiff, DAMIEN SHKRELI, had committed a crime, to search the vehicle, and/or to assault, accost, harass and/or attack the Plaintiff.

39.     That the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, SERGEANT CHARLES CAVALLARO, POLICE OFFICER MATTHEW GUERRIDO, POLICE OFFICER PATRICK JEAN and the aforementioned "John Does" and "Jane Does," initiated or continued the criminal prosecution against the Plaintiff, DAMIEN SHKRELI, with an improper purpose.

40.     That the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, SERGEANT CHARLES CAVALLARO, POLICE OFFICER MATTHEW GUERRIDO, POLICE OFFICER PATRICK JEAN and the aforementioned "John Does" and "Jane Does," were responsible for the institution or continuation of the baseless criminal case against the Plaintiff which was ultimately dismissed on October 10, 2023.

41.     That as a result of the foregoing false arrest committed upon the Plaintiff, DAMIEN SHKRELI, by the aforementioned police officers and/or other employees of the Defendants, THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, said Plaintiff sustained loss of life, liberty, and freedom, as well as emotional

distress, embarrassment, physical pain, physical injuries and mental anguish, and loss of his good name among his peers.

42.    That by reason of the foregoing and the negligence of the said Defendants, this Plaintiff, DAMIEN SHKRELI, is informed and verily believes his aforesaid injuries are permanent and that he will permanently suffer from the effects of the aforesaid injuries; and that furthermore, the Plaintiff will be caused to suffer permanent embarrassment, emotional suffering, and continuous physical and emotional pain as a result of the aforesaid injuries.

43.    The Plaintiff, DAMIEN SHKRELI, seeks damages in the amount of Five Hundred Thousand dollars ($500,000.00) for Civil Rights violations under 42 U.S.C. § 1983 and for attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and such other legal and equitable relief as this Court deems just and proper in this first cause of action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Denial of Constitutional Right to a Fair Trial Under**
**42 U.S.C. § 1983 Based on Fabricated Evidence)**

44.    Plaintiff hereby realleges and incorporates by reference each and all of the foregoing paragraphs numbered "1" through "43" as though fully set forth herein.

45.    Defendants created false evidence against the Plaintiff, DAMIEN SHKRELI.

46.    Defendants forwarded false evidence and false information to prosecutors in The Office of District Attorney, Bronx County.

47.    In creating false evidence against the Plaintiff, DAMIEN SHKRELI, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, the within Defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

48. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to assault and battery, handcuffing, electric shock, and other physical restraints, without probable cause.

49. As a result of the foregoing, the Plaintiff, DAMIEN SHKRELI, has been damaged in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and is further entitled to punitive damages on this second cause of action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Municipal Liability Under 42 U.S.C. § 1983)

50. That at all times hereinafter mentioned, Plaintiff, DAMIEN SHKRELI, repeats, reiterates and realleges each and every allegation set forth above numbered "1" through "49" as if more fully set forth at length herein.

51. Defendants SERGEANT CHARLES CAVALLARO, POLICE OFFICER MATTHEW GUERRIDO, POLICE OFFICER PATRICK JEAN, POLICE OFFICER JOEL AYALA, individually and in their official capacities, POLICE OFFICERS "JOHN DOE" # 1-5, individually and in their official capacities (the name John Doe being fictitious, as their true names are presently unknown), POLICE OFFICERS "JANE DOE" # 1-5, individually and in their official capacities (the name Jane Doe being fictitious, as their true names are presently unknown), arrested and incarcerated Plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

52. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

53. The acts complained of were carried out by the aforementioned individual defendants in

their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

54.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff.

55.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as alleged herein.

56.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiffs as alleged herein.

57.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, Plaintiff DAMIEN SHKRELI was falsely arrested and incarcerated for approximately twenty-four hours.

58.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff, DAMIEN SHKRELI. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

59.    All of the foregoing acts by defendants deprived Plaintiff DAMIEN SHKRELI of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;
    B.    To be free from seizure and arrest not based upon probable cause;

C.    To be free from unwarranted and malicious criminal prosecution;
D.    Not to have cruel and unusual punishment imposed upon them; and
E.    To receive equal protection under the law.

60.    The Plaintiff, DAMIEN SHKRELI, seeks damages in the amount of FIVE HUNDRED

THOUSAND DOLLARS ($500,000.00) for Malicious Liability violations under 42 U.S.C.

§ 1983 and for attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and such other legal

and equitable relief as this Court deems just and proper in this third cause of action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Under N.Y. State Law: False Arrest)

61.    Plaintiff hereby realleges and incorporates by reference each and all of the foregoing

paragraphs numbered "1" through "60" as though fully set forth herein.

62.    Plaintiff has complied with all the conditions precedent of the bringing of this action and

has complied with all provisions of the Charter of the City of New York, and the Plaintiff

has, prior to the bringing of this action and within ninety days from Plaintiff's release from

jail hereinafter described were received, duly served notice upon the City of New York of

the intention to sue upon the claim set forth. More than ninety days have elapsed since the

presentation of the Notice of Claim, and the said claim remains unadjusted, and the said

Comptroller of the City of New York has failed and/or refused to make any adjustment

thereof.

63.    The Defendant Police Officers willfully and intentionally arrested the Plaintiff, DAMIEN

SHKRELI, without probable cause and without a reasonable basis to believe such cause

existed. By so doing, the Defendant Police Officers subjected the Plaintiff to false arrest

and imprisonment, and thereby violated and aided and abetted in the violation of Plaintiff's

rights under the Fourth and Fourteenth Amendments of the United States Constitution.

64.     As a result of the foregoing, the Plaintiff, DAMIEN SHKRELI, has been damaged in the
        amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and is further
        entitled to punitive damages on the fourth cause of action.

### AS AND FOR A FIFTH CAUSE OF ACTION
#### (Under N.Y. State Law: Mental Anguish)

65.     That at all times hereinafter mentioned, Plaintiff, DAMIEN SHKRELI, repeats, reiterates,
        and realleges each and every allegation set forth above numbered "1" through "64" as
        though fully set forth herein.

66.     That the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE
        DEPARTMENT, failed to exercise reasonable care and diligence in the selection and hiring
        of its agents, servants, and/or employees, including SERGEANT CHARLES
        CAVALLARO, POLICE OFFICER MATTHEW GUERRIDO, POLICE OFFICER
        PATRICK JEAN, POLICE OFFICER JOEL AYALA, individually and in their official
        capacities, POLICE OFFICERS "JOHN DOE" # 1-5, individually and in their official
        capacities (the name John Doe being fictitious, as their true names are presently unknown)
        and POLICE OFFICERS "JANE DOE" # 1-5, individually and in their official capacities
        (the name Jane Doe being fictitious, as their true names are presently unknown).

67.     That the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE
        DEPARTMENT, failed to exercise reasonable care and diligence in the engagement,
        supervision, and training of its agents, servants and/or employees, including SERGEANT
        CHARLES CAVALLARO, POLICE OFFICER MATTHEW GUERRIDO, POLICE
        OFFICER PATRICK JEAN, POLICE OFFICER JOEL AYALA, individually and in their
        official capacities, POLICE OFFICERS "JOHN DOE" # 1-5, individually and in their
        official capacities (the name John Doe being fictitious, as their true names are presently

unknown), POLICE OFFICERS "JANE DOE" # 1-5, individually and in their official capacities (the name Jane Doe being fictitious, as their true names are presently unknown).

68.   That as a result of the foregoing, the Plaintiff, DAMIEN SHKRELI, sustained loss of life, liberty, and freedom, as well as emotional distress, embarrassment, mental anguish, and loss of his good name among his peers.

69.   That by reason of the foregoing and the negligence of the said Defendants, this Plaintiff, DAMIEN SHKRELI, is informed and verily believes his aforesaid injuries are permanent and that he will permanently suffer from the effects of the aforesaid injuries; and that furthermore, the Plaintiff will be caused to suffer permanent embarrassment, emotional suffering, and continuous physical and emotional pain as a result of the aforesaid injuries.

70.   The Plaintiff, DAMIEN SHKRELI, seeks damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) for Mental Anguish and for attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper in this fifth cause of action.

### AND AS FOR AN SIXTH CAUSE OF ACTION
**(Under N.Y. State Law: Abuse of Process)**

71.   Plaintiff hereby realleges and incorporates by reference each and all of the foregoing paragraphs numbered "1" through "70" as though fully set forth herein.

72.   Defendants misrepresented and falsified evidence before the Office of District Attorney, Bronx County.

73.   Defendants did not make a complete and full statement of facts to the Assistant District Attorney – including the fact that an officer or officers had entered the vehicle the Plaintiff, DAMIEN SHKRELI, was inside of the vehicle without probable cause, accosted and/or assaulted the Plaintiff, continued an assault inside and outside of the vehicle Plaintiff was

inside of, "tasered" the Plaintiff, arrested the Plaintiff, handcuffed the Plaintiff, caused serious physical and mental anguish to the Plaintiff; and together, conspired to cause harm to the Plaintiff.

74.    Defendants withheld exculpatory evidence from the Assistant District Attorney.

75.    Defendants were directly and actively involved in the initiation and continuation of criminal proceedings against the Plaintiff, DAMIEN SHKRELI.

76.    Defendants lacked probable cause to initiate criminal proceedings against the Plaintiff, DAMIEN SHKRELI.

77.    Defendants acted with malice in initiating criminal proceedings against the Plaintiff, DAMIEN SHKRELI.

78.    Defendants lacked probable cause to continue criminal proceedings against the Plaintiff, DAMIEN SHKRELI.

79.    Defendants misrepresented and/or falsified evidence throughout all phases of the criminal proceedings.

80.    As a result of the foregoing, the Plaintiff, DAMIEN SHKRELI, has been damaged in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and is further entitled to punitive damages on the sixth cause of action.

### AS AND FOR A SEVENTH OF ACTION
#### (Negligent Hiring/Training/Retention)

81.    Plaintiff hereby realleges and incorporates by reference each and all of the foregoing paragraphs numbered "1" through "80" as though fully set forth herein.

82.    Defendant THE CITY OF NEW YORK owed a duty to the public at large, including but not limited to the Plaintiff, DAMIEN SHKRELI, to exercise reasonable care in the

selection, hiring, and retention of all of its employees, and in particular, those employees with the job responsibility of dealing with the public at large.

83.    Defendant THE CITY OF NEW YORK failed to use reasonable care when it hired THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT ("NYPD"), SERGEANT CHARLES CAVALLARO, POLICE OFFICER MATTHEW GUERRIDO, POLICE OFFICER PATRICK JEAN, POLICE OFFICER JOEL AYALA, individually and in their official capacities, POLICE OFFICERS "JOHN DOE" # 1-5, individually and in their official capacities (the name John Doe being fictitious, as their true names are presently unknown) and POLICE OFFICERS "JANE DOE" # 1-5, individually and in their official capacities (the name Jane Doe being fictitious, as their true names are presently unknown).

84.    Defendant THE CITY OF NEW YORK failed to make reasonable inquiries into the background of the subject Defendants, and in particular, into their fitness as police officers.

85.    Defendant, THE CITY OF NEW YORK, was particularly negligent in hiring and retaining SERGEANT CHARLES CAVALLARO who was subjected to various disciplinary actions between the years 2010 and 2018 and nonetheless was promoted from the rank of Police Officer to the rank of Sergeant.  Upon information and belief, SERGEANT CHARLES CAVALLARO was also assigned generous overtime hours which allowed him to make $206,985 in 2022 despite only having a base salary of $118,056.  The NYPD's decision-making regarding the overtime, rank-assignment, and placement of SERGEANT CHARLES CAVALLARO caused the interaction with the Plaintiff which ultimately caused the illegal search and false-arrest of the Plaintiff.

86.    Had the Defendant THE CITY OF NEW YORK used reasonable care in inquiring into the background of these Defendants, it would have learned that they were patently unqualified for this position, and it would not have hired them.

87.    As a result of the foregoing, Defendant THE CITY OF NEW YORK breached its duty to use reasonable care in the selection and hiring of all of its employees.

88.    As a result of THE CITY OF NEW YORK's negligence in hiring Defendants, the Plaintiff, DAMIEN SHKRELI, was falsely arrested, assaulted, battered, harassed, subjected to great physical pain and mental anguish, and spent approximately twenty-four hours in jail on completely baseless criminal charges.

89.    Notwithstanding THE CITY OF NEW YORK's knowledge of the propensities of these Defendants, and their patently deficient qualifications, Defendant THE CITY OF NEW YORK retained these Defendants as employees.

90.    In choosing to hire, and then retain, the subject Defendants, Defendant THE CITY OF NEW YORK breached its duty to the public at large, and to the Plaintiff, DAMIEN SHKRELI, in particular, to use reasonable care in the selection of its employees.

91.    By reason of the foregoing, the, Plaintiff, DAMIEN SHKRELI, is entitled to recover full compensatory damages, including damages for pain and suffering, severe emotional distress psychological trauma, past lost earnings, and future lost earnings, from Defendant THE CITY OF NEW YORK.

92.    As a result of the foregoing, the Plaintiff, DAMIEN SHKRELI, has been damaged in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and is further entitled to punitive damages on the seventh cause of action.

## JURY DEMAND

93.     Plaintiff demands trial by jury of all matters in the within action.

WHEREFORE, the Plaintiff, DAMIEN SHKRELI, respectfully demands the following relief:

A.      A money judgment against Defendants for damages including, but not limited to, loss of
        freedom, legal fees incurred for frivolous criminal case, other economic damages, shame,
        humiliation, and mental distress;

B.      Penalties available under applicable laws;

C.      Costs of the within action incurred herein, including attorney's, lost wages, and expert
        fees;

D.      Attorneys' fees, including fees pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 216, and other
        applicable statutes;

E.      Punitive damages against defendants;

F.      Pre-judgement and post-judgement interest, as provided by law;

G.      A declaration that the acts and practices complained of herein violated 42 U.S.C. § 1983,
        42 U.S.C. § 1988 and state law;

H.      Such other and further legal and equitable relief as this Court deems appropriate, just and
        proper.

DATED:       Brooklyn, New York
             October 20, 2023

                         Yours, etc.

                         _____

BY:                      EZRA B. GLASER
                         EZRA B. GLASER & ASSOCIATES
                         *Attorneys for the Plaintiffs*
                         **DAMIEN SHKRELI**
                         3021 Fort Hamilton Parkway, #1R

Brooklyn, New York 11218
Phone: (212) 385-9300

Civil Action #: 23-CV-09285-DEH

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------------X

DAMIEN SHKRELI,

                                            Plaintiffs,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT ("NYPD"), SERGEANT CHARLES CAVALLARO,
POLICE OFFICER MATTHEW GUERRIDO, POLICE OFFICER
PATRICK JEAN, POLICE OFFICER JOEL AYALA, individually and in
their official capacities, POLICE OFFICERS "JOHN DOE" # 1-5,
individually and in their official capacities (the name John Doe being
fictitious, as their true names are presently unknown) POLICE OFFICERS
"JANE DOE" # 1-5, individually and in their official capacities (the name
Jane Doe being fictitious, as their true names are presently unknown),

                                            Defendants.

-------------------------------------------------------------------------------------------------X

## SUMMONS AND COMPLAINT
-------------------------------------------------------------------------------------------------X

**EZRA B. GLASER & ASSOCIATES.**
Attorneys for the Plaintiffs
DAMIEN SHKRELI
3021 Fort Hamilton Parkway, Suite 1R
Brooklyn, New York 11218
Phone: (212) 385-9300
Fax:   (347) 282-2296